922 So.2d 179 (2005)
Mark Anthony DUKE
v.
STATE of Alabama.
CR-98-1218.
Court of Criminal Appeals of Alabama.
May 27, 2005.
Opinion on Return to Remand August 26, 2005.
*180 John A. Lentine, Birmingham, for appellant.
William H. Pryor, Jr., and Troy King, attys. gen., and George A. Martin, Jr., and J. Clayton Crenshaw, asst. attys. gen., for appellee.

On Remand from the United States Supreme Court
WISE, Judge.
Mark Anthony Duke was convicted of capital murder in connection with the deaths of Randy Gerald Duke, Dedra Mims Hunt, Chelisa Nicole Hunt, and Chelsea Marie Hunt, because those murders were committed "pursuant to one scheme or course of conduct." See § 13A-5-40(a)(10), Ala.Code 1975. We affirmed Duke's capital-murder conviction and sentence of death on direct appeal. Duke v. State, 889 So.2d 1 (Ala.Crim.App.2003). The Alabama Supreme Court subsequently quashed Duke's petition for a writ of certiorari, 889 So.2d 1 (2004). Duke petitioned the United States Supreme Court for a writ of certiorari.
On March 7, 2005, the United States Supreme Court granted Duke's petition for a writ of certiorari, vacated the judgment of this Court and remanded Duke's case for further consideration in light of Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Duke v. Alabama, 543 U.S. ___, 125 S.Ct. 1588, 161 L.Ed.2d 270 (2005).
The record indicates that Duke was 16 years old when he committed this capital offense. In Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), the United States Supreme Court held that it was a violation of the Eighth and Fourteenth Amendments to the United States Constitution to impose a death sentence on a defendant who was under the age of 18 at the time the criminal offense was committed. This decision abrogated the Court's previous decision in Stanford v. Kentucky, 492 U.S. 361, 109 S.Ct. 2969, 106 L.Ed.2d 306 (1989), upholding death sentences for offenders who were 16 or older at the time the crime was committed.
Because Duke's case was pending on certiorari to the United States Supreme Court when the decision in Roper v. Simmons was released, the holding of that case applies to him. "[A]ll defendants whose cases were still pending on direct appeal at the time of the law-changing decision should be entitled to invoke the new rule." United States v. Johnson, 457 U.S. 537, 545 n. 9, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). See also Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).
Based on the foregoing, Duke's sentence of death must be vacated. However, the Supreme Court's decision has no bearing on Duke's conviction for capital murder. Accordingly, this case must be *181 remanded for the Shelby Circuit Court to set aside Duke's sentence of death and to resentence him to life imprisonment without the possibility of parole  the only other sentence available for a defendant convicted of capital murder. See § 13A-5-45(a), Ala.Code 1975. The circuit court shall take all necessary action to ensure that the return to remand is filed in this Court within 35 days from the date of this opinion.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS AS TO SENTENCE.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

On Return to Second Remand[*]
WISE, Judge.
On May 27, 2005, in accordance with the directions of the United States Supreme Court, this Court remanded Duke's case for the circuit court to vacate Duke's death sentence, based on the Supreme Court's decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).
The circuit court has complied with our instructions, and on June 7, 2005, the court entered a written order setting aside Duke's death sentence and imposing the only other available sentence  life in the penitentiary without the possibility of parole. Based on the foregoing, Duke's sentence is now due to be affirmed on return to second remand.
AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
NOTES
[*] Note from the reporter of decisions: On May 31, 2002, the Court of Criminal Appeals affirmed Duke's conviction and remanded with directions as to sentencing. That opinion is published at 889 So.2d 1. On March 21, 2003, on return to remand, the Court of Criminal Appeals affirmed Duke's sentence. 889 So.2d at 40. Because the May 27, 2005, opinion was the second remand order in this case, the Court of Criminal Appeals styled its opinion in response to the remand "On Return to Second Remand."