McMILLAN, Presiding Judge.
The appellant, Renaldo Chante Adams, was convicted of four counts of capital murder and one count of first-degree robbery. He was sentenced to death on the capital-murder convictions and to life imprisonment on the robbery conviction. This Court affirmed Adams’s capital-murder convictions and death sentence, but remanded the case for the trial court to set aside Adams’s robbery conviction and sentence of life imprisonment as violative of double-jeopardy principles. Adams v. State, 955 So.2d 1037 (Ala.Crim.App.2003). After the trial court complied with our directions, this Court affirmed its judgment. Adams v. State, 955 So.2d 1037, 1106 (Ala.Crim.App.2003) (opinion on return to remand). Adams appealed to the Alabama Supreme Court, and that Court remanded the case to this Court, stating:
“In Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), decided after the Court of Criminal Appeals issued its decision in this case, the United States Supreme Court held that it was unconstitutional to execute an offender who was under the age of 18 when he or she committed the offense. The opinion of the Court of Criminal Appeals states that Adams was 17 years old at the time of the offense. 955 So.2d at 1049. Nothing filed in this Court disputes that fact. Thus, it would appear that the United States Supreme Court’s decision in Roper applies to Adams’s sentence; therefore, we reverse the judgment of the Court of Criminal Appeals as to Adams’s sentence and remand the cause for a determination of the impact of Roper on Adams’s sentence. As to all other issues raised in Adams’s petition, certiorari review is denied.”
Ex parte Adams, 955 So.2d 1106, 1107 (Ala.2005).
Adams was born on July 1, 1980; the murder occurred on the evening of August 20, 1997. The record clearly indicates that Adams was 17 years of age at the time of the murder. Thus, because Ada,ms was under the age of 18 when he committed the murder, his sentence of death is due to be set aside pursuant to Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Therefore, this case must be remanded for the Montgomery *1109 Circuit Court to set aside Adams’s death sentence and to sentence him to the only other sentence available — life in the penitentiary without the possibility of parole. See Wimberly v. State, 931 So.2d 60 (Ala.Crim.App.2005); and Duke v. State, 922 So.2d 179 (Ala.Crim.App.2005) (opinion on remand from the United States Supreme Court). Due return should be filed with this Court no later than 42 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On October 20, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.